**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:07CV-P260-M**

**JOSEPH WAYNE ALLEN**                                                                            **PLAINTIFF**

v.

**ARAMARK CORP.**                                                                                         **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

      Plaintiff, Joseph Wayne Allen, filed this civil rights action under 42 U.S.C. § 1983 (DN 1) against Defendant "Aramark Corporation." This matter is now before the Court on Defendant's motion to dismiss (DN 17), Plaintiff's motion to appoint counsel (DN 19), Defendant's motion for extension of time to file a reply (DN 20), and Plaintiff's motion for extension of the scheduling order deadlines (DN 22). Each is addressed below.

      **1.**     **Motion for extension of time (DN 20)**. On March 10, 2008, Defendant filed a motion for extension of time to file a reply in support of its motion to dismiss. The reply was filed a day later on March 11, 2008. Accordingly, Defendant's motion (DN 20) is **GRANTED** *nunc pro tunc*.

      **2.**     **Motion to dismiss (DN 17).** In his complaint, Plaintiff states that "Aramark Corporation" is responsible for inmate food services and runs the commissary at the Louisville Metro Department of Corrections. "Aramark Correctional Services, LLC," through counsel, has filed a motion to dismiss Plaintiff's complaint alleging that: 1) the complaint lacks a proper identification of Defendant's identity; 2) the complaint was not properly served on Defendant, a corporation; and 3) Plaintiff's complaint lacks any mention of a jurisdictional basis.

      In its motion, Defendant clarifies that the proper entity in this action is "Aramark Correctional Services, LLC." The Secretary of State's website indicates that this entity is a

foreign limited liability company with its principal place of business at "1101 Market Street, Philadelphia, PA 19107." Its registered agent for service of process in Kentucky is listed as "CT Corporation System, Kentucky Home Life Building, Louisville, KY 40202." In his response to Defendant's motion, Plaintiff indicates that he intends to remedy the misnomer by amending his complaint. Amending a complaint to correct a misnomer is a legitimate function of Federal Rule of Civil Procedure 15. *See Triangle Distributing, Inc. v. Shafer, Inc.*, 1991 U.S. App. LEXIS 20042 (6th Cir. Aug. 23, 1991). Therefore, because Plaintiff may amend his complaint to correct his previous misnomer, the Court concludes that dismissal on this basis is not currently warranted.

In regard to Defendant's arguments regarding sufficiency of process, the Court notes that it elected to order the United States Marshals Service to effect service in this case. The Sixth Circuit has joined the Seventh and Ninth Circuits in holding that when the United States Marshals Service is directed to effectuate service upon the defendants on behalf of a prisoner plaintiff, the plaintiff is relieved of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Puett v. Blandford*, 912 F.2d 270, 276 (9th Cir. 1990) and *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990)). After the plaintiff identifies the subject defendant by name, the burden shifts to the United States Marshals Service to obtain his or her current address and to properly effect service. *Sellers*, 902 F.2d at 602. Thereafter, the Unites States Marshals Service's failure to properly complete service is "good cause" to extend the time for service under Rule 4(m). *See id.* Thus, "good cause" exists in this case. In the past, in an effort to alleviate the burden on the United States Marshals Service, the Court has attempted to secure waivers of service of process. Absent a waiver in this case, after an amendment, the

Court will redirect service by the United States Marshals Service.

Finally, the Court observes that Plaintiff filed his complaint using a court-approved "civil rights complaint to be used by a *pro se* plaintiff under 42 U.S.C. § 1983." Thus, the form itself placed Defendant on notice of the jurisdictional basis of Plaintiff's claim.

For these reasons, Defendant's motion (DN 17) is **DENIED**. The Clerk of Court is **DIRECTED** to mail Plaintiff a blank motion form and a 42 U.S.C. § 1983 form with this case number printed on the forms. **Within 30 days of the entry of this Order, Plaintiff must move the Court to allow him to amend his complaint to name the correct corporate entity and must tender an amended complaint so doing. Plaintiff is WARNED that his failure to do so may result in dismissal of this action for failure to prosecute.**

3. **Motion for extension of scheduling order deadlines (DN 22)**. Plaintiff has moved the Court to extend the deadlines in its scheduling order. Plaintiff's motion (DN 22) is **GRANTED**. The deadlines set forth in the Court's prior scheduling order (DN 10) are **VACATED**. The Court will enter a new scheduling order after the service issues have been resolved.

4. **Plaintiff's motion for appointment of counsel (DN 19)**. As grounds for his motion, Plaintiff states that he has been determined to be indigent by this Court and is presently incarcerated in the state of Florida, where there are no Kentucky-specific legal materials. According to Plaintiff, he therefore lacks the means to either hire an attorney or represent himself. First, the Court observes that Plaintiff has not been determined to be a pauper. In fact, he paid the $350.00 filing fee in this and several other actions filed close in time. Second, prisoners do not possess a constitutional right to the appointment of counsel in a civil case. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Rather, appointment of

3

counsel lies exclusively within the court's discretion. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Furthermore, appointment of counsel is justified only in exceptional circumstances. *Lavado*, 992 F.2d at 606. Because Plaintiff has not shown to date that he is unable to afford counsel, or that any exceptional circumstances exist, his motion (DN 19) is **DENIED.** Should Plaintiff desire appointed counsel, he must first demonstrate that he qualifies as a pauper and show the existence of exceptional circumstances.

Date:

cc: Plaintiff, *pro se*
 Counsel of record
4414.008