**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:07CV-P260-M**

**JOSEPH WAYNE ALLEN**                                                                                    **PLAINTIFF**

**v.**

**ARAMARK CORP.** *et al.*                                                                               **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Joseph Wayne Allen, filed this civil rights action under 42 U.S.C. § 1983 (DN 1) against Defendant "Aramark Corporation."  Plaintiff later amended his complaint to add as Defendants Aramark's President and CEO, Joseph Neubauer, and Aramark's former Food Services Director at the Louisville Metro Department of Corrections, Mike Carter.  This matter is now before the Court on Defendants' motion to dismiss Plaintiff's amended complaint (DN 30).  Fully briefed, this matter is ripe for decision.

**Aramark Correctional Services, LLC**

In his original complaint, Plaintiff stated that "Aramark Corporation" was responsible for inmate food services and runs the commissary at the Louisville Metro Department of Corrections.  "Aramark Correctional Services, LLC," through counsel, then filed a motion to dismiss Plaintiff's complaint alleging that the complaint lacked a proper identification of Defendant's identity.  In its motion, Defendant clarified that the proper entity in this action is "Aramark Correctional Services, LLC."  The Secretary of State's website indicated that this entity is a foreign limited liability company with its principal place of business at "1101 Market Street, Philadelphia, PA 19107" and that its registered agent for service of process in Kentucky is "CT Corporation System, Kentucky Home Life Building, Louisville, KY 40202."

In his response to Defendant's first motion to dismiss, Plaintiff indicated that he

intended to remedy the misnomer by amending his complaint. The Court granted Plaintiff leave to do so and denied Defendant's motion to dismiss. Additionally, in response to Defendant's arguments regarding sufficiency of process, the Court pointed out to Defendant that because the Court had elected to order the United States Marshals Service to effect service in this case, the law in the Sixth Circuit relieved Plaintiff of the burden to serve process. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Puett v. Blandford*, 912 F.2d 270, 276 (9th Cir. 1990) and *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990)). In this Circuit, in such a circumstance, once a plaintiff identifies the subject defendant by name, the burden shifts to the United States Marshals Service to obtain his or her current address and to properly effect service. *Sellers*, 902 F.2d at 602. As such, the United States Marshals Service's failure to properly complete service is not generally a basis for dismissal of the complaint.

In this case, Plaintiff filed an amended complaint as permitted by the Court (DN 27). The amended complaint corrected Plaintiff's prior misnomer by naming as a defendant, Aramark Correctional Services, LLC. Plaintiff provided a summons for service on Aramark's registered agent, CT Corporation. The Court directed the United States Marshals Service to serve the amended complaint on Aramark. A review of the docket sheet reveals that the Clerk of Court issued summons as to Aramark and forwarded the amended complaint and summons to the United States Marshals Service for service on Defendant. The docket sheet, however, does not contain a return of service. Aramark has now renewed its motion to dismiss once again arguing that it has not been properly served with Plaintiff's complaint.

As noted in the Court's previous order, because the Court elected to use the United States Marshals Service to serve the complaint, service in this case is not Plaintiff's

responsibility. Plaintiff has complied with his duties by identifying Defendant and providing a summons with a proper address to the Court for service. It is unclear to the Court why service has not been properly effected on Aramark. It is clear, however, that this failure cannot be attributed to Plaintiff. Accordingly, Defendants' motion to dismiss (DN 30) is **DENIED** to the extent it relates to Plaintiff's claims against Defendant Aramark.

The Court observes that Defendant Aramark is participating in this action by serving discovery on Plaintiff (DN 38). Given that Aramark clearly has received a copy of Plaintiff's amended complaint and is actively litigating the claims, the Court will provide Aramark with an opportunity to waive service under Federal Rule of Civil Procedure 4(d). **The Clerk of Court is INSTRUCTED to mail counsel for Aramark a Waiver of Service of Summons Form (Form 6). Counsel is reminded that the purpose of the waiver provision is to save "unnecessary expenses of serving a summons and complaint." Within 20 days of the entry of this Order, counsel shall notify the Court in writing whether it will waive service.** In the absence of a waiver, the Court will again direct service and will take all steps necessary to ensure that service is properly effectuated on Aramark.

### Mike Carter and Joseph Neubauer

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006)). This standard requires more than bare assertions of legal

conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

Plaintiff filed an amended complaint on September 2, 2008, adding as named defendants, Aramark's President and CEO, Joseph Neubauer, and Aramark's former Food Services Director at the Louisville Metro Department of Corrections, Mike Carter. That amended complaint does not contain any specific allegation directed toward either Neubauer or Carter. Nor does the amended complaint allege that Neubauer or Carter participated in any way with providing or preparing Plaintiff's meals. The amended complaint only alleges that Neubauer is the President and CEO of Aramark and that Carter was the Director of Food Services at the Louisville Metro Department of Corrections.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In order to assert a cognizable §1983 claim, a plaintiff must allege specific facts. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The required facts must provide adequate detail to support the claim, such as specific incidents of deprivation of a plaintiff's rights, how each defendant was involved, the names of other persons involved, dates, and places. The specific facts must also explain how the plaintiff himself was personally injured by the challenged conduct or condition, *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986), and how each defendant is responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Allegations premised upon mere conclusions and opinions fail to state an

adequate claim, *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), and bare and conclusory allegations that a defendant personally deprived the plaintiff of constitutional or statutory rights are insufficient to state a cognizable claim. *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983).

Furthermore, a complaint filed under § 1983 must also show a causal connection between the named defendants and the alleged constitutional deprivation. A § 1983 complaint must allege that specific conduct by the defendants was the proximate cause of the constitutional injury. *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986). "Congress did not intend § 1983 liability to attach where causation is absent." *Deaton v. Montgomery County*, 989 F.2d 885, 889 (6th Cir. 1993). To establish causation, a plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged." *Id*. When the theory of causation is a matter of pure speculation and is nothing more than an hypothetical argument, the pleadings are insufficient to sustain a compensable § 1983 claim. *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

Other than listing Defendants Neubauer and Carter as executive-level employees of Defendant Aramark, Plaintiff fails to mention them elsewhere in the complaint and/or amended complaint. This is insufficient because "respondeat superior[1] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability

---

[1]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

5

to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003). Thus, Neubauer's and Carter's positions at Aramark do not automatically make them liable for the actions/inactions of their subordinates. *See, e.g.*, *Brown v. Green*, No. 97-1117, 1997 U.S. App. LEXIS 35331 (6th Cir. Dec. 12, 1997) ("Defendant Green, being sued in her official capacity as the Medical Director of the Michigan Department of Corrections, cannot be held liable for an alleged constitutional violation, because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel."); *Farrow v. West*, 320 F.3d 1235, 1238 n.1 (11th Cir. 2003) (holding that the regional director of prison medical services was not liable for actions of subordinate medical staff). Because Plaintiff's allegations against Defendants Neubauer and Carter relate only to their supervisory roles at Aramark, Plaintiff has failed to state a claim against them in their individual capacities.

Plaintiff has also sued these Defendants in their official capacities. Any such suit, however, would be deemed to be against their employer, Aramark. Since Aramark is already a party to this action, it would be superfluous to keep Neubauer and Carter in this suit based solely on Plaintiff's official capacity claims against them. As such, the Court **GRANTS** Defendants' motion to dismiss (DN 30) as it relates to Plaintiff's claims against Neubauer and Carter.

Consistent with this Memorandum Opinion and Order, the Court will enter a separate Order dismissing Defendants Neubauer and Carter from this action.

Date:

cc:     Plaintiff, *pro se*
        Counsel of record
4414.008