# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:07CV-P260-M

**JOSEPH WAYNE ALLEN**                                                        **PLAINTIFF**

**v.**

**ARAMARK CORP.**                                                                     **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the remaining Defendant, Aramark Correctional Services, LLC's, motion for summary judgment and supplemental supporting memorandum.[1] Upon review, the Court will grant Defendant Aramark's motion for summary judgment and will direct the Clerk of Court to enter judgment in Aramark's favor.

## I.

Plaintiff Joseph Wayne Allen, currently incarcerated at Zephyrhills Correctional Institute, Zephyrhills, Florida, was a prisoner at the Louisville Metro Department of Corrections ("LMDC") from January 7, 2005, to September 5, 2007. During Allen's confinement at the LMDC, Aramark provided daily meals to the inmates. Allen was a diagnosed diabetic, so he received special diabetic meal trays. The diabetic meal trays contain fewer calories than the regular meal trays. Allen claims in this action that Aramark failed to provide him with a diabetic tray on several occasions, served him food that had been contaminated by other inmates, and served him food that he was allergic to (turkey and rice) in violation of directives that those food not be served to him.

## II.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and

---

[1] Plaintiff responded to the original motion for summary judgment, but did not file a response to Defendant's supplemental memorandum despite being provided with an opportunity to do so by the Court.

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact which requires the denial of a summary judgment motion." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). "The pivotal question is whether the party bearing the burden of proof has presented a jury question as to each element of its case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

"'[W]here the moving party has the burden -- the plaintiff on a claim for relief or defendant on an affirmative defense -- *his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party*.'" *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 487-88 (1984) (emphasis in original)). "[I]f the moving party also bears the burden of persuasion at trial, the moving party's initial summary judgment burden is 'higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002) (quoting 11 James Wm. Moore, *et al.*, Moore's Federal Practice § 56.13[1], at 56-138 (3d ed. 2000)). Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that

would be sufficient to require submission of the issue to the jury.  *Id.*  The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof."  *Id.*  (internal quotation marks omitted).

**III.**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  A corporation may be a "person" for purposes of 42 U.S.C. § 1983 when acting as the alter ego of a state.  *Ancata v. Prison Health Services*, 769 F.2d 700 (11th Cir. 1985) (corporation acting on behalf of a county is a person).  However, under 42 U.S.C. § 1983, *respondeat superior* is not a proper basis for liability even when the claim is pursued against a corporation acting on behalf of a municipality.  *See, e.g., Ward v. Kentucky State Reformatory*, No. 3:09CV-P315-H, 2009 U.S. Dist. LEXIS 64976 (W.D. Ky. July 24, 2009).  To recover against a corporation working under contract for a prison or jail for § 1983 violations, the Plaintiff must identify an official policy or custom of the corporation that caused the alleged deprivation of federal rights.  *Broyles v. Corr. Med. Servs.*, No. 08-16382009, U.S. App. LEXIS 5494, 4-5 (6th Cir. Jan. 23, 2009); *Street v. Corrections Corp. of Am.*, 102 F.3d 810, 817 (6th Cir. 1996); *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003); *Page v. Kirby*, 314 F. Supp. 2d 619, 622 (N.D. W. Va. 2004).

Not all state action rises to the level of a custom or policy.  A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict."  *Pembaur v. City of Cincinnati*, 475 U.S. 469,

3

481 (1986) (plurality opinion)). A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." *Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997). "Bare allegations of a custom or policy, unsupported by any evidence, are insufficient to establish entitlement to relief." *Broyles*, 2009 U.S. App. LEXIS 5494, at *2.

Plaintiff points to no written or formal policy implemented by Aramark. Instead, Plaintiff simply alleges isolated incidents of improper food service that affected him individually. Likewise, he has not alleged a clear and consistent pattern of constitutionally-deficient food service that Aramark had notice of, and failed to act in light of.

Accordingly, for the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant Aramark's motion for summary judgment (DN 64) is **GRANTED**. By separate Order, the Court will direct that summary judgment be entered in Aramark's favor.

Date:

cc: Plaintiff, *pro se*
    Counsel of record
4414.008

4